IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-876-H

| | |
|---|---|
| SELINA MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | **MEMORANDUM &** |
| v. ) | **RECOMMENDATION** |
| ) | |
| ) | |
| ) | |
| MICHAEL JORDAN, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court for continued frivolity review following the court's entry of an order requiring Plaintiff to particularize her complaint. Plaintiff filed an amended complaint but has failed to provide the information requested by the court's May 26, 2015, order. For the reasons set out below, the undersigned RECOMMENDS that Plaintiff's claims against Defendant be DISMISSED.

Plaintiff appears to be suing Defendant Michael Jordan for slander or defamation. However, from the complaint it is not clear who made the statements, when the statements were made, to whom the statements were made, or what statements were specifically made. Plaintiff also filed a "Motion for ADR/Hearing Reconsideration listing as defendants "Kobe Bryant, Vanessa Bryant, *et al.*" No facts are alleged in the motion, and no order had been entered in the case from

which reconsideration could be sought. Thus, it is unclear to what Plaintiff is referring or requesting of the court in that filing.

By order filed May 26, 2015, the court informed Plaintiff that her complaint "fail[s] to provide the defendants with the notice to which they are entitled." (May, 26 2015, Order [DE #5] at 4.) In light of Plaintiff's pro se status and out of an abundance of caution, the undersigned directed Plaintiff to particularize her complaint no later than June 25, 2015, by filing with the court "a new version of the complaint specifically naming each of the parties sued, the injury she claims to have suffered as a result of the actions of each defendant, the alleged facts supporting her claim, the dates of relevant events, and the grounds for the court's jurisdiction." (*Id.*)

Plaintiff filed an amended complaint on June 22, 2015. However, neither Plaintiff's original complaint nor the amended complaint sufficiently names the actions taken by Defendant or the grounds for the court's jurisdiction. Plaintiff alleges that Defendant wrote a check intending to "prostitute" Plaintiff and said Plaintiff was "retarded." However, Plaintiff provides no additional material facts. Plaintiff has not addressed what specific injury she has suffered, how her injuries resulted from the actions of defendant, the dates of the relevant events, the facts supporting her claim, or the grounds for the court's jurisdiction. Thus, Plaintiff's claims should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with this court's May 26, 2015, order or, alternatively, pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Plaintiff's claims against Defendant be DISMISSED and Plaintiff's Motion for ADR/Hearing Reconsideration be DENIED..

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

You shall have until **August 13, 2015**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding

district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 27th day of July 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge